IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-870-BO

| | |
|---|---|
| ROBERT G. FERGUSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF FAYETTEVILLE and CHIEF ) <br> HAROLD E. MEDLOCK, in his official ) <br> Capacity as Chief of Police for the ) <br> Fayetteville Police Department, ) <br> ) <br> Defendants. ) | **O R D E R** |

This cause comes before the Court on defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A hearing was held on the matter before the undersigned on May 13, 2015, at Raleigh, North Carolina. For the reasons discussed below, the motion to dismiss is granted in part and denied in part.

## BACKGROUND

Plaintiff, a former police officer with the City of Fayetteville, filed this complaint under 42 U.S.C. § 1983 alleging deprivation of his liberty interest and due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff alleges that he was hired as a police officer by the City of Fayetteville in 2008 and that in January 2014 he was placed on administrative duty without being given a reason. His gun and badge were taken as a part of being placed on administrative duty. In February 2014, plaintiff learned that he was being charged with professional misconduct related to three incidents that occurred in July 2013, November 2013, and January 2014. Plaintiff denies any professional misconduct.

When defendants' investigation into the misconduct charges had not been completed on April 1, 2014, plaintiff submitted his resignation. Thereafter, and without notice to or participation in by plaintiff, defendants commenced a Chain of Command Review Board (CCRB) review of the charges of misconduct. On April 29, 2014, defendants notified plaintiff by letter that the administrative investigation was complete, that it had been reviewed by the CCRB, and that because plaintiff had resigned prior to the completion of the investigation he had no rights to appeal. The complaint further alleges that the CCRB policy does not provide an officer with the opportunity to be present at the review, address the members of the CCRB, or question witnesses, thereby denying plaintiff with the right to a name-clearing hearing and the right to cross-examine witnesses.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly*, 550 U.S. at 570.

2

Case 5:14-cv-00870-BO   Document 20   Filed 05/27/15   Page 2 of 4

A procedural due process right is implicated "when governmental action threatens a person's liberty interest in his reputation and choice of occupation." *Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 307 (4th Cir. 2006) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 573 & n.12 (1972)). "To state this type of liberty interest claim under the Due Process Clause, a plaintiff must allege that the charges against him: (1) placed a stigma on his reputation; (2) were made public by the employer; (3) were made in conjunction with his termination or demotion; and (4) were false." *Sciolino v. City of Newport News, Va.*, 480 F.3d 642, 646 (4th Cir. 2007). "This claim protects an employee's freedom to take advantage of other employment opportunities by preventing a public employer from disseminating false reasons for the employee's discharge without providing the employee notice and opportunity to be heard in order to clear his name." *Miller v. Hamm*, CIV. CCB-10-243, 2011 WL 9185, at *8 (D. Md. Jan. 3, 2011) (internal quotation marks and citation omitted).

The Court has considered the complaint in light of the applicable standards and concludes that dismissal is not warranted at this time. Though the factual recitation in plaintiff's complaint is somewhat bare, plaintiff has sufficiently alleged that he was deprived of his liberty interest when, after his resignation, defendants proceeded to conduct a review of plaintiff's alleged misconduct and denied plaintiff the opportunity to be present and participate in the review. The Court recognizes that plaintiff resigned rather than was terminated, but finds plausible plaintiff's claim that, in these circumstances, the voluntariness of his resignation should be overridden by the fact that defendants proceeded to review his conduct after his separation from the department without providing plaintiff with notice and an opportunity to be heard. *See e.g. Velez v. Levy*, 401 F.3d 75, 89 (2nd Cir. 2005) (recognizing that timing of stigma and deprivation of tangible interest is not critical so long as they are sufficiently proximate). Further, plaintiff has denied

that he committed any misconduct, which would render defendants' finding of misconduct false, and has sufficiently alleged that the contents of the investigation and CCRB review will be made public upon request for inspection by other police departments from which plaintiff seeks future employment and that the result of the investigation places a stigma on his reputation. The Court finds that plaintiff has sufficiently pleaded his due process liberty interest claim.

Defendants further contend that the official capacity claims against Chief Medlock should be dismissed. Claims against government officials in their official capacities are in all respects suits against the agency or government entity itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Plaintiff has pleaded claims against Chief Medlock in his official capacity only, and as the City is also a defendant to this suit, those claims ae properly dismissed as duplicative.

## CONCLUSION

For these reasons, the Court declines to dismiss plaintiff's complaint at this stage and DENIES IN PART and GRANTS IN PART defendants' motion to dismiss [DE 12]. Plaintiff's official capacity claims against Chief Medlock are DISMISSED. Plaintiff is DIRECTED to file an amended complaint within fourteen (14) days of the date of entry of this order to conform his claims to the proffer of facts made at the hearing.

SO ORDERED, this __26__ day of May, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE